E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DECLAN T. CONROY (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2872
     Facsimile: (213) 894-6269
     E-mail:   declan.conroy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cr-00530-DOC-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSE LUIS ALONSO |
| v. | |
| JOSE LUIS ALONSO, et al., | |
| Defendants. | |

1. This constitutes the plea agreement between JOSE LUIS ALONSO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count twenty-two of the indictment in United States v. Alonso, et al., No. 2:22-cr-00530-

DOC-1, which charges defendant with distribution of fentanyl in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(iv).

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement.

      c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    e.  Recommend that defendant be sentenced to a term of imprisonment of no greater than 210 months.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count twenty-two of the indictment, that is, distribution of fentanyl in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(iv), the following must be true: (1) defendant knowingly distributed any controlled substance, which was in fact fentanyl, and (2) defendant knew that it was some kind of a federally controlled substance. In this context, to "distribute" a controlled substance means to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in that transaction.

5.  Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl. Defendant admits that defendant did, in fact, distribute at least 400 grams of a mixture or

substance containing a detectable amount of fentanyl, as alleged in the indictment.

### PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi) is life imprisonment, a lifetime period of supervised release, a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest, and a mandatory special assessment of $100.

7. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi) is 10 years' imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

11.  Defendant understands that, under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

5

FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 26, 2022, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally distributed approximately 920.9 grams of a mixture and substance containing a detectable amount of fentanyl, approximately 1.707 kilograms of methamphetamine, and approximately 4.004 kilograms of a mixture and substance containing a detectable amount of cocaine. At the time he distributed these drugs, defendant knew that he was distributing federally controlled substances.

Specifically, on or about October 5, 2022, defendant texted an individual who defendant believed to be a customer interested in purchasing firearms and drugs, but who in fact was an undercover special agent ("UC-1") working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and informed that individual that he had firearms for sale. During this text exchange, defendant sent UC-1 four photographs depicting firearms defendant was offering for sale. Approximately two weeks later, defendant confirmed to UC-1 that he would sell UC-1 firearms and narcotics, including "20zips[ ]n 5 boats [for] 16500," meaning approximately 1.25 pounds of pressed

fentanyl and 5,000 fentanyl-laced pills for $16,500. During this exchange, defendant also offered to sell UC-1 cocaine, and sent multiple photographs of bricks of cocaine.

Between October 19, 2022 and October 26, 2022, defendant sent multiple messages to UC-1 to confirm and finalize the terms of the sale. On October 19, 2022, defendant once again asked UC-1 if he/she wanted to purchase four kilograms of cocaine, and clarified that the cost of the ten firearms he had for sale would be $16,000. A few days later, on October 23, 2022, defendant sent UC-1 three more photographs of firearms. And on October 25, 2022, defendant asked UC-1 if he/she wanted to purchase five pounds of methamphetamine, and offered to sell the five pounds of methamphetamine to UC-1 for $5,000.

On October 26, 2022, defendant met with UC-1 at a warehouse in Los Angeles County to complete the transaction. After arriving at the warehouse with a co-conspirator, defendant exited the driver's side door of his vehicle holding a white plastic bag, and then retrieved two cardboard boxes, a small black backpack, and a small blue backpack from the trunk of his vehicle. Defendant then provided the white plastic bag, two cardboard boxes, and two backpacks to UC-1 and another individual who defendant believed to be a firearms and drug customer, but who was in fact another undercover special agent working for ATF, in exchange for an agreed-upon sale price of $10,000. A subsequent search of the bag, boxes, and backpacks revealed that they contained the following: approximately 487 grams of fentanyl powder; approximately 4,016 fentanyl-laced pills with a total weight of approximately 433.9 grams; approximately 1.760 kilograms of 97% pure methamphetamine; 4.004 kilograms of a mixture

7

or substance containing cocaine; a Glock model 43X 9x19mm caliber pistol bearing serial number AGSW331; an HS Produkt model XD40 .40 caliber pistol bearing serial number XD594345; a Taurus model G2C 9x19mm caliber pistol bearing serial number TLW07676; a Czeska Zbrojovka model Scorpion EVO 3 S1 9x19mm caliber pistol bearing serial number F121229; a Czeska Zbrojovka model Scorpion EVO 3 S1 9x19mm caliber pistol bearing serial number E098806; and 27 rounds of 9mm Luger ammunition.

Defendant possessed the above-described firearms and ammunition during the offense knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA434636, on or about September 9, 2016; and

(2) Prison Assault, in violation of California Penal Code Section 4501(b), in the Superior Court for the State of California, County of Kern, Case Number DF015039C, on or about December 16, 2020.

Defendant further admits that, from May 26, 2022 to October 26, 2022, defendant sold 36 firearms and 16 machinegun conversion kits to individuals defendant believed were firearms customers.  At all relevant times during this period, defendant did not have a license to import, manufacture, deal, or sell firearms, and knew that his conduct of dealing and selling firearms without a license was unlawful.

## SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 36 | U.S.S.G. § 2D1.1(a)(5) |
| Possession of a Dangerous Weapon: | +2 | U.S.S.G. § 2D1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 36 and the criminal history calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 210 months, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

21. Defendant gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective

11

assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

1  speedy trial claim with respect to any such action, except to the
2  extent that such defenses existed as of the date of defendant's
3  signing this agreement.
4  　　　　c.　Defendant agrees that: (i) any statements made by
5  defendant, under oath, at the guilty plea hearing (if such a hearing
6  occurred prior to the breach); (ii) the agreed to factual basis
7  statement in this agreement; and (iii) any evidence derived from such
8  statements, shall be admissible against defendant in any such action
9  against defendant, and defendant waives and gives up any claim under
10 the United States Constitution, any statute, Rule 410 of the Federal
11 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
12 Procedure, or any other federal rule, that the statements or any
13 evidence derived from the statements should be suppressed or are
14 inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

17　　27.　Defendant understands that the Court and the United States
18 Probation and Pretrial Services Office are not parties to this
19 agreement and need not accept any of the USAO's sentencing
20 recommendations or the parties' agreements to facts or sentencing
21 factors.
22　　28.　Defendant understands that both defendant and the USAO are
23 free to: (a) supplement the facts by supplying relevant information
24 to the United States Probation and Pretrial Services Office and the
25 Court, (b) correct any and all factual misstatements relating to the
26 Court's Sentencing Guidelines calculations and determination of
27 sentence, and (c) argue on appeal and collateral review that the
28 Court's Sentencing Guidelines calculations and the sentence it

14

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_/s/ DCC_____  8/11/2023
DECLAN T. CONROY              Date
Assistant United States Attorney

_/s/ Jose Alonso_____  Aug. 8. 23
JOSE LUIS ALONSO              Date
Defendant

_/s/ Kelley Munoz_____  8-8-23
KELLEY LANE MUNOZ             Date
Attorney for Defendant
JOSE LUIS ALONSO

//

//

//

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  Aug. 8. 2023
JOSE LUIS ALONSO                 Date
Defendant

//
//
//

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSE LUIS ALONSO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   8-8-23
KELLEY LANE MUÑOZ                  Date
Attorney for Defendant
JOSE LUIS ALONSO

18